IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:03CR3035 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| ALFONZO D. CARRILLO, | ) | |
| Defendant. | ) | |

    This matter is before the court upon Defendant's notice of appeal, which contains requests for leave to appeal in forma pauperis ("IFP") and for a certificate of appealability (filing 46). Construing filing 46 as a notice of appeal and as a motion for leave to appeal IFP and for a certificate of appealability, I will deny the motions in filing 46.

    Defendant has not previously been determined to be financially unable to obtain an adequate defense in a criminal case and he did not move to proceed IFP in this court in connection with his § 2255 motion. Therefore, Fed. R. App. P. 24(a)(3), which continues IPF status on appeal without further authorization, does not apply. A prisoner's appeal may not be taken IFP if it is not taken in good faith. 28 U.S.C. § 1915(a)(3) ( "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). I find that the appeal is not taken in good faith, and will deny leave to appeal IFP.

    In Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000), the Seventh Circuit held that "good faith' for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490

U.S. 319, 325 (1989).  For the reasons stated in filing 42, I find that the appeal in this case is not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  As the appeal is not taken in good faith, Defendant's motion to proceed IFP on appeal is denied.

Defendant may file a motion pursuant to Fed. R. App. P. 24(a)(5) with the Court of Appeals to again request leave to proceed IFP on appeal.  Such motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Fed. R. App. P. 24(a)(5).

In addition, before Defendant can appeal this court's decision denying his § 2255 motion, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court has rejected a constitutional claim on the merits in the course of denying a § 2255 petition, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" in order to meet the standard contained in § 2253(c). Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).  In contrast, when a district court denies a § 2255 petition on procedural grounds without reaching the applicant's underlying constitutional claims on the merits, a certificate of appealability should issue under § 2253(c) when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 120 S. Ct. at 1604.

The court must either issue a certificate of appealability indicating which issues satisfy the required showing, or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  Defendant's  28 U.S.C. § 2255 motion was denied

on initial review. (Filing 42.) The motion was dismissed for two reasons: (1) it was barred by the statute of limitations, and (2) even if it were not barred, it attempted to raise a claim under principles stated in United States v. Booker, 125 S. Ct. 738 (2005) and Blakely v. Washington, 124 S. Ct. 2531 (2004), and the holdings in Booker and Blakely do not apply retroactively to cases on collateral review. Whether I apply the Slack standard for denials on procedural grounds or that for denials on the merits, for the reasons set forth in this court's memorandum and order denying the § 2255 motion (filing 42), Defendant has not made a substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

Accordingly,

IT IS ORDERED:

1.	The motion for leave to appeal IFP contained in filing 46 is denied, without prejudice to the submission of a new motion directly to the Court of Appeals;

2.	Pursuant to Fed. R. App. P. 24(a)(4), the Clerk of Court shall send a copy of this memorandum and order to the parties and the Court of Appeals for the Eighth Circuit as notice that Defendant has been denied IFP status on appeal, and that his appeal has been determined not to be in good faith.

3.	Pursuant to Fed. R. App. P. 24(a)(5), Defendant has 30 days after service of this Memorandum and Order to file a motion with the Court of Appeals for leave to proceed IFP on appeal;

4.	The motion for a certificate of appealability contained in filing 46 is denied and shall not issue.

May 25, 2005.	BY THE COURT:
	s/Richard G. Kopf
	United States District Judge