IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:03CR3035 |
| | ) | |
| v. | ) | |
| | ) | |
| ALFONZO CARRILLO, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

I sentenced the defendant to 121 months in prison and entered judgment on September 24, 2003. (Filing 38.) The defendant had a criminal history category of II based upon my uncontested finding that the defendant had previously been convicted of driving under the influence and he had also been previously convicted of possession of a controlled substance. (Filing 34 at CM/ECF p. 1, ¶ 1 (order finding that no objections had been submitted and stating: "The parties are herewith notified that my tentative findings are that the presentence report is correct in all respects."); filing 37 at CM/ECF p. 8, ¶¶ 39 & 40 (presentence report).)

The defendant has now filed a motion seeking a sentence reduction under 18 U.S.C. § 3582. The motion is based upon the defendant's claim that Sentencing Guidelines Amendment 709 (relating to criminal history), effective November 1, 2007, should be applied him to retroactively.[1] The motion will be denied for two reasons.

---

[1] *See* U.S.S.G. *Supplement to Appendix C*, at 235-241 (amendments to the *Guidelines Manual* effective November 1, 2004, through November 1, 2007) (Amendment 709).

First, Amendment 709 has not been made retroactive by the Sentencing Commission and thus there is no statutory authority for the court to apply it retroactively.[2] *United States v Peters*, 524 F.3d 905, 906 (8th Cir. 2008) (Amendment 709 was not retroactive and the district court was therefore barred from applying it). Second, even if Amendment 709 were applied to the defendant it would make no difference since the convictions that placed the defendant in criminal history category II would be counted under Amendment 709 in just the same way.[3]

IT IS ORDERED that the motion of the defendant for a sentence reduction (filing 57) is denied.

DATED this 29th day of August, 2008.

BY THE COURT:

s/Richard G. Kopf
United States District Judge

---

[2] U.S.S.G. § 1B1.10(c) (2008), *reprinted in Supplement to the 2007 Guidelines Manual*, at 2 (May 1, 2008) (policy statement listing amendments that are retroactive). Observe that U.S.S.G. § 1B1.10(a)(2)(A) provides that a "reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c) if . . . none of the amendments listed in subsection(c) is applicable to the defendant . . . ." *Reprinted in Supplement to the 2007 Guidelines Manual*, at 1.

[3] *Compare* filing 37 at CM/ECF p. 8, ¶¶ 39 & 40 (presentence report) *with* Amendment 709, U.S.S.G. *Supplement to Appendix C*, at 235-241.